# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JACQUESE FRANKLIN HARRELL, SR.**
      Petitioner,

v.                                            Case No. 12-CV-01074

**WILLIAM POLLARD, Warden,**
**Waupun Correctional Institution,**
      Respondent.

## ORDER

Pro se petitioner Jacquese Harrell filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On June 19, 2008, petitioner was convicted in Milwaukee County Circuit Court of first degree reckless homicide and being a felon in possession of a firearm. He was sentenced to 30 years imprisonment and 15 years of extended supervision and is currently incarcerated at Waupun Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief in the district court. One of petitioner's claims is that his trial counsel was ineffective because he failed to impeach two witnesses who appeared at trial. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. As a result, I will order respondent to answer the petition by first responding to the motion to stay the case that petitioner filed at the same time as his petition.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent shall respond to petitioner's motion to stay the case. Petitioner shall then have forty-five (45) days following the filing of respondent's brief to file a reply brief in support of his motion, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and, in accordance with the memorandum of understanding between this court and the Wisconsin Department of Justice, electronically transmitted to the Attorney General for the State of Wisconsin.

Dated at Milwaukee, Wisconsin, this 27th day of January 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge