# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JACQUESE FRANKLIN HARRELL, SR.**
   **Petitioner,**

  v.              Case No. 12-CV-01074

**WILLIAM POLLARD, Warden,**
**Waupun Correctional Institution,**
   **Respondent.**

## DECISION AND ORDER

  Pro se petitioner Jacquese Harrell filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On June 19, 2008, petitioner was convicted in Milwaukee County Circuit Court of first degree reckless homicide and of being a felon in possession of a firearm. He was sentenced to 30 years initial confinement and 15 years extended supervision with a concurrent sentence of 5 years initial confinement and 5 years extended supervision. He is currently incarcerated at Waupun Correctional Institution. Along with the petition, petitioner filed a motion to stay the case so he can finish exhausting his fifth claim for relief. In this claim, petitioner argues that his trial counsel was ineffective for failing to challenge the state's ballistics expert. Petitioner did not raise this issue on direct appeal, but he did raise it in January 2012 by filing a motion under Wis. Stat. § 974.06. An appeal from the state trial court's denial of that motion is still pending. Respondent filed a brief in opposition to the motion to stay, and in response petitioner decided to withdraw claim five of the petition. As a result, the motion to stay is moot.

**THEREFORE, IT IS ORDERED** that petitioner's motion to stay (Docket #2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

2

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Dated at Milwaukee, Wisconsin, this 15th day of April 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge